EDWARD VON ALBERTI, PLAINTIFF-APPELLANT, v. SANFORD BIERMAN, PAUL J. McMULLEN AND EMILY M. McMULLEN, DEFENDANTS-RESPONDENTS.

Submitted October 30, 1936—Decided January 28, 1937.

For the appellant, *Pomerehne, Laible & Kautz.*

For the respondents, *Joseph Steiner.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of nonsuit, entered in the Supreme Court, Essex Circuit. It appears that the appellant had leased from the defendants McMullen, premises situated at No. 90 North Arlington avenue, East Orange. By reason of the appellant's default in the payment of rent, the landlords, by their bailiff, Bierman, another defendant, levied a distress to recover $1,195 against the

goods and chattels of the appellant. The goods were sold, and passed into the possession of the McMullens for a consideration of $100.

Appellant instituted suit for damages on the grounds that the distress was illegal and excessive.

The complaint contained eleven counts. The case was tried on the first six counts, the others having been stricken. The first count charged unlawful distraint, in that the goods were distrained for $1,195, instead of $20, and alleged damages by reason of the appellant having lost the use and benefit of the goods and chattels.

The second count charges unlawful distraint contrary to the statute, and asks for double the value of the goods, claiming the value of the goods to be $4,000.

The third and fourth counts allege that the distraint was unlawful because no rent was due, and that more goods were taken and sold than were necessary.

The fifth and sixth counts charged the defendants with conversion and wrongfully causing the goods to be sold for an inadequate price.

We think the action of the trial court was proper. The original lease was for a period of two years commencing on the first day of January, 1928, and expiring December 31st, 1929, and provided for a yearly rental of $2,400, payable in equal monthly payments of $200 each. After the lease had terminated, the appellant remained in possession, and became a hold-over tenant. He contends that the rent in default amounted to only $20, by reason of the landlord having consented on two occasions to a reduction, at one time to $150 per month, and at another to $100, but offers no proof that the agreement for such reduction was supported by any valid consideration. On authority of the case of *Levine* v. *Blumenthal,* 117 *N. J. L.* 23, such an agreement created no legal obligation, and would not have been a valid defense to a suit for unpaid rent. It is well settled that an agreement to modify an existing valid agreement must have consideration to support it.

There is no proof to support the charge that the proceedings were not conducted in accordance with the statute, or that

the distress was excessive. All other grounds upon which a reversal is sought have been considered, and we are unable to find any reason for disturbing the findings of the trial court.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, CASE, BODINE, HETFIELD, DEAR, WELLS, WOLFSKEIL, COLE, JJ. 9.

*For reversal*—THE CHIEF JUSTICE, PARKER, LLOYD, HEHER, PERSKIE, RAFFERTY, JJ. 6.